ORYX ENERGY COMPANY, f/k/a Sun Exploration and Production Company, and Sun Operating Limited Partnership, Plaintiffs,

v.

TATEX ENERGY, a sole proprietorship, Defendant.

Civ. A. No. 89–Z–1326.

United States District Court, D. Colorado.

Nov. 22, 1991.

---

Charles L. Kaiser, Anthony J. Shaheen, Davis, Graham & Stubbs, Denver, Colo., Andrew B. Derman, Carlos J. Salazar, ORYX Energy Co., Dallas, Tex., for plaintiffs.

Richard J. Gore, Martha Martin, Mahaffey & Gore, P.C., Oklahoma City, Okl., Roger P. Thomasch, Ballard, Spahr, Andrews & Ingersoll, Denver, Colo., for defendant.

## ORDER AND JUDGMENT

WEINSHIENK, District Judge.

Plaintiffs Oryx Energy Company, f/k/a Sun Exploration and Production Company, and Sun Operating Limited Partnership (Sun) filed a Complaint for Declaratory Relief in which they requested the Court to determine the obligation of the parties under two contracts, the Unit Operating Agreement (Operating Agreement) and the Unit Agreement for the Development and Operation of the Willow Rim Unit (Unit Agreement). Defendant counterclaimed for monetary damages, costs and attorneys' fees. Jurisdiction is based on 28 U.S.C. § 1332.

The case was referred to United States Magistrate Darrell D. Thomas pursuant to Local Rule 602.A. Subsequently, the parties stipulated to facts and agreed to have the matter determined on summary judgment. Thereafter, this Court requested the Magistrate to make a recommendation on plaintiffs' motion for summary judgment, pursuant to Local Rule 603.

The issue on summary judgment is whether plaintiffs are liable for actions which resulted in the loss of certain leasehold rights acquired by Sun and Tatex Energy, namely, the plugging of State No. 36–10 Well and allowing the leasehold rights to expire.

Magistrate Thomas concluded that plaintiffs are not liable under the contracts and recommended that summary judgment be granted in favor of plaintiffs and that defendant's counterclaim be dismissed. He based his recommendation on his determination that plaintiffs' liability was limited by contract to conduct undertaken in bad faith, and that as a matter of law, plaintiffs' actions did not rise to the level of bad faith. Defendant has filed an Objections To Magistrate's Recommendation. This Court must make a *de novo* determination of portions of the recommendation to which objection has been made. *See,* 28 U.S.C. § 636(b)(1).

Defendant objects to the Magistrate's findings that there was no production from State No. 36–10 Well after recompletion and that there existed "daily telephone contact" between the parties regarding the status of the well. The stipulated facts and depositions cited by defendant as support for their contention do not controvert the Magistrate's findings. Moreover, even if defendant's allegations were correct, they would not affect the validity of the Magistrate's conclusions. Whether or not the well produced after recompletion and whether or not the parties had daily telephone contact does not affect the dispositive findings that plaintiffs believed that the well would not produce an amount sufficient to hold the unit and that plaintiffs in good faith believed they had the concurrence of all parties before plugging the well.

Additionally, defendant objects to the Magistrate's determination that all parties were aware of Sun's limited liability in conducting operations. The Court has reviewed Stipulated Facts Numbers 20–26 and concurs with the Magistrate's finding that defendant had knowledge of the liability limitation.

Defendant contends that the Magistrate erred in concluding as a matter of law that "[t]he Unit Agreement does not contain any standard of performance by the operator under the Operating Agreement" (Magistrate's Recommendation at 6). Defen-

dant claims that Paragraphs 8 and 4 of the Unit Agreement establish the prudent operator standard as the standard of liability. Paragraph 8 of the Unit Agreement reads as follows:

[T]he exclusive right, privilege and duty of exercising any and all rights of the parties hereto which are necessary or convenient for prospecting for, producing, storing, allocating and distributing the unitized substances are hereby delegated to and shall be exercised by the Unit Operator as herein provided.

Paragraph 4 of the Unit Agreement provides that Sun agrees to accept the duties and obligations of Unit Operator. Defendant then cites Oklahoma case law which notes in dicta that the standard of duty of a unit operator is that of a prudent operator. *See, Samson Resources Co. v. Corporation Commission*, 702 P.2d 19 (Okla.1985). That the parties contractually established the duties of the unit operator does not in itself mean they intended to adopt the common law standard of care to which unit operators generally are held. This Court agrees with the Magistrate's determination that the Unit Agreement did not provide for a standard of performance by the unit operator. The standard referred to by defendant is found in case law, not the contract.

Article 15.3 of the Operating Agreement effectively limits the unit operator's liability to operations conducted in bad faith. Article 15.3 provides that the "Unit Operator shall not be liable to any party for anything done or omitted to be done by it in the conduct of operations hereunder except in case of bad faith." This language is not, as defendant contends, inconsistent with Paragraphs 8 and 4 of the Unit Agreement, and it therefore establishes Sun's liability as unit operator under the contracts. Agreements to limit liability will be upheld so long as they are not contrary to public policy. *Isler v. Texas Oil & Gas Corp.*, 749 F.2d 22, 23 (10th Cir.1984). The validity of agreements specifically limiting the liability of unit operators has been recognized by both Oklahoma state court and United States Federal Court in the District of Colorado. *See, e.g., Dime Box Petro v.*

*Louisiana Land & Exploration,* 717 F.Supp. 717 (D.Colo.1989), *Tenneco Oil Company v. Bogert,* 630 F.Supp. 961 (W.D.Okl.1986).

Finally, defendant objects to the Magistrate's finding that "[a]ll of the actions taken by Sun negate any finding of bad faith on its part." (Magistrate's Recommendation at 9). Defendant rebuts this finding with the assertions that Sun had been advised against plugging the well without filing a suspension of operations or voluntarily terminating the Unit, and defendant had no prior notice of the plugging. Assuming these assertions are true, they fail to establish that Sun had an improper motive, or was otherwise acting in bad faith. *See, King v. Swanson,* 291 S.W.2d 773, 775 (Tex.Civ.App.1956).

After carefully considering the Magistrate's recommendation, the defendant's objections, the parties' briefs and the applicable case law, the Court is satisfied that the Magistrate's recommendation is correct and hereby accepts and adopts the Magistrate's findings and recommendation. Therefore, it is

ORDERED that plaintiffs' Motion for Summary Judgment is granted. It is, therefore,

DECLARED that plaintiffs' liability to defendant resulting from Sun's role as Unit Operator is limited to operations conducted in bad faith. It is

FURTHER DECLARED that Sun did not act in bad faith in plugging State No. 36–10 Well and allowing the expiration of the leasehold rights involved in this matter. It is

FURTHER ORDERED that defendant's counterclaim for monetary damages is dismissed, each party to pay its own costs and attorneys' fees.